DECISION
Plaintiff appeals concerning certain personal property penalty matters for five tax years: 2004-05 through 2007-08. A case management conference was held March 2, 2010. Mary Phipps, Certified Public Accountant, appeared for Plaintiff. Representing Defendant were Tammy Iliff and Amber Bandy.
 I. STATEMENT OF FACTS
Plaintiff owns taxable personal property in Lane County. Plaintiff is a business and is required to file annual personal property returns by March 1 of each year. For these five tax years, returns were not submitted.
Because the returns were not submitted before August 1 of each tax year, Defendant assessed a penalty of 50 percent. (Def s Answer at 1.) Once Defendant became aware of the situation, it gave notice of its intent to make corrections.
Plaintiffs president has stated that he was unaware of the tax and that he should have been earlier informed by Defendant or some other organization. According to Plaintiffs representative, Plaintiffs president had earlier relied on public accounting firms for advice, stating, "[h]e relied on those professionals to advise him in all tax matters related to the operation *Page 2 
of the business. He was never told by those professionals that he was subject to personal property taxes." (Ptf's Compl at 2.)
 II. ANALYSIS
ORS 308.290(1)(a) requires a business to file a personal property tax return by March 1.[1] The statute goes on to state that, if a party fails to file a return by the March 1 deadline, the party "shall be * * * subject to the provisions of ORS 308.296." ORS 308.290(1)(a).
ORS 308.296(1) states that any person or company responsible for filing a personal property return who or which has not done so "shall be subject to a penalty as provided in this section." The penalty is graduated based on when the taxpayer files its return. ORS 308.296(4), the provision applicable here, states:
 "After August 1, a taxpayer who files a return to which this section applies or who fails to file a return shall be subject to a penalty equal to 50 percent of the tax attributable to the taxable personal property of the taxpayer."
Plaintiff admittedly did not file its return before August 1, 2003. Pursuant to the statute, it is responsible for a 50 percent penalty. The situation is the same for later years. Plaintiff claims, however, it should be excused from the penalty because of circumstances beyond its immediate control.
ORS 311.223(4) allows a party to appeal for a waiver of a late-filing penalty imposed under ORS 308.296 when there is good and sufficient cause to waive the penalty. In such cases involving past years and omitted property assessments, this court has the power to waive or reduce that penalty. The plaintiff must provide a proper showing of good and sufficient cause. *Page 3 
ORS 305.288(5)(b) defines what constitutes good and sufficient cause:
`"Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
The sole reason offered for the failure to file is lack of knowledge of the legal requirements. This specifically does not constitute a valid reason to compromise the statutory penalty.
 III. CONCLUSION
Plaintiffs failure to file the personal property tax returns for 2004-05 through 2007-08 was not due to causes beyond its immediate control.
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of April 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailingto: 1163 State Street, Salem, OR 97301-2563; or byhand delivery to: Fourth Floor,1241 State Street, Salem, OR.
Your Complaint must be submitted within 60days after the date of the Decision or this Decision becomesfinal and cannot be changed. *Page 4 
 This Decision was signed by Magistrate Jeffrey S. Mattsonon April 23, 2010. The court filed and entered this Decisionon April 23, 2010.
[1] All references to the Oregon Revised Statutes are to 2007.